UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA        :

       - v. -                :         25 Cr. 461 (NSR)

BRALLAN PEREZ ALARCON,      :

         Defendant.     :
------------------------------------------------------------------x

## BRALLAN PEREZ ALARCON'S PROPOSED *VOIR DIRE*

Federal Defenders of New York
Attorneys for Defendant
81 Main St. Suite 124
White Plains, New York 10601

Elizabeth K. Quinn, Esq.
Benjamin Gold, Esq.

TO:   Jay Clayton, Esq.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn: Jorja Nicole Knauer, Isabelle Lelogeais
      Assistant United States Attorneys

VOIRE DIRE REQUEST

In accordance with Rule 24(a) of the Federal Rule of Criminal Procedure, the defense respectfully requests that the Court include the following questions in its *voir dire* of prospective jurors in addition to the Court's standard questions. Where a prospective juror answers in the affirmative, the defense further requests that the Court ask additional questions of the prospective juror to determine whether the juror can be fair and impartial in this case. The defense requests the right to propose additional questions after the Court rules on the pending motions.

## I.    Description of the Case

This is a criminal case. The government accuses Brallan Perez Alarcon of making phone calls to local enforcement with intent to retaliate against or intimidate ICE officers by threatening to shoot ICE officers should they come to his home. Mr. Perez Alarcon denies these allegations and has pleaded "not guilty." Under our laws, Mr. Perez Alarcon must be presumed innocent.

In a criminal case, the burden of proof is always on the prosecution. The prosecution is required to provide proof beyond a reasonable doubt on each element of the offense in order to obtain a conviction. I will provide more detailed instruction to the jury about the burden of proof and the element of the offense at the conclusion of the case.

The questions I ask of you are intended to assure that the jury is composed of people who are able to be detached and neutral as they hear the case. I ask that you respond fully to any question which calls for a response from you. If your answer it

-2-

too personal to express in open court, please let me know and the lawyers and I will hear your answer in privacy.

## II.    Knowledge of the Case or Parties

1.      Does anyone know Brallan Perez Alarcon?

2.      Does anyone know the attorneys involved in this case? The prosecutors are Assistant United States Attorneys Jorja Knauer and Isabelle Lelogeais. The defense attorneys are Assistant Federal Defenders Elizabeth Quinn and Ben Gold. Does anyone know them?

3.      Does anyone have any knowledge of the criminal charges pending against Mr. Perez Alarcon.

4.      I have asked the attorneys to give me a list of people who may testify in this case. These people are:

[Counsel to supply a list of possible witnesses for the purposes of voir dire.]

5.      Does anyone know any of the people on this list?

## III.    Presumption of Innocence/Burdens of Proof

1.      Mr. Perez Alarcon has pleaded not guilty to the charge in the indictment.  To convict Mr. Perez Alarcon, the burden is on the Government to prove his guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  In other words, each defendant starts with a clean slate and is presumed innocent until, if ever, the

Government proves a defendant is guilty beyond a reasonable doubt. In other words, as you sit here now, you must presume that he is innocent. If you were asked to render a verdict right now, it would have to be "not guilty." Even into the jury deliberation room, Mr. Perez Alarcon remains innocent unless the government proves him guilty beyond a reasonable doubt. Does that trouble you for any reason? Why or why not?

2.      Does anyone feel that, because Mr. Perez Alarcon is sitting here in court with criminal defense attorneys, he must have done something wrong? Why or why not?

3.      As you have learned, Mr. Perez Alarcon was charged by indictment by a Grand Jury. The indictment is not evidence. It is merely a formal way of informing the accused of the charges against him. Is there anyone who feels that merely because someone has been indicted he is probably guilty?

4.      The government bears the burden of proving Mr. Perez Alarcon guilty of each and every element of the count contained in the indictment. Mr. Perez Alarcon's attorneys could present no evidence on his behalf, and not question a single witness and if the government did not meet its burden, you would still be required to find him not guilty. Does anyone disagree with that? Does anyone have difficulty holding the government to their burden?

5.      Do you think that Mr. Perez Alarcon should have to prove that he is not guilty? Why or Why not?

-4-

6.    Does anyone feel that, because Mr. Perez Alarcon was arrested and is sitting here as a criminal defendant in court, he probably did something wrong? Why or why not?

7.    Do you accept the fact that law enforcement can make mistakes and arrest innocent people? Why or why not?

8.    Has anyone, including a close friend or family member, ever been charged with a crime? Would that experience tend to color your opinions in a criminal case such as this one?

## IV.    Experience with Law Enforcement

1.    Are you or anyone close to you involved in law enforcement? Would that experience tend to color your opinions in a criminal case such as this one?

2.    In this case, you will hear evidence that Mr. Perez Alarcon allegedly made threats against immigration officials after he called the local police dispatch or 911.  Does anyone have family members or friends who work for Immigration or homeland security?

    a.  If yes, who?

    b.  Would it be difficult for you to be fair and impartial in a case alleging threats against an immigration official?

3.    The witnesses in this case will include law enforcement personnel. Does anyone believe that a police officer is more credible or believable than a

civilian witness? Would you tend to give more credit to the testimony of a law enforcement witness for any reason? Why or why not?

4.      Do you understand that law enforcement witnesses are like any other witness and must be evaluated for truthfulness just like any other witness? They are not more or less credible simply because they are law enforcement. Does anyone disagree with that? Why or why not?

5.      Have you had a relative or close friend or family member that has had an experience with a police officer that had caused you to mistrust law enforcement officers?

6.      Have you, a family member, or close friend ever been employed by or volunteered with any victim assistance organization, or neighborhood watch group?

## V.      Case-Specific Proposed Questions of the Prospective Jurors ICE/Immigration

1.      In this case, the defendant is charged with making telephone calls to local law enforcement threatening ICE.

     a.  Is there anything about the nature of this charge that would cause you to be unable to be fair and impartial?

     b.  Have you or anyone close to you ever been the recipient of a threat whether over the phone, internet, e-mail, text message, or social media?

     c.  Has your life or the life of a close friend or family member been affected by a threat? If yes, how so?

    d. If you answered yes to either of these questions, is there anything about the nature of the charges in this case that would make it difficult for you to be a fair and impartial juror in this case?

    e. Have you or anyone close to you ever had a positive or negative interaction with ICE that would affect your ability to be fair and impartial?

2. In this case, you will hear evidence regarding Mr. Perez Alarcon's political views regarding ICE operations in his community. As you probably know, some people have very strong opinions – in both directions – about immigration policy and enforcement. Can you tell me how, if at all, your opinions might affect your ability to evaluate the evidence in this case? If it ends up that you disagree with Mr. Perez Alarcon's political viewpoint, will this disagreement impact your ability to evaluate whether Mr. Perez Alarcon made a real or true threat?

## VI. Intoxication

1. You will likely hear evidence that Mr. Perez Alarcon was intoxicated when he allegedly made these calls.

    a. Has your life or the life of a close friend or family member been affected by alcohol? If yes, how so?

    b. Is there anything about evidence related to drinking or intoxication that would make it difficult for you to be a fair and impartial juror in this case?

## VII.    <u>Unconscious/Implicit Bias</u>

1.    Growing scientific research indicates that we all have "implicit bias" or hidden feelings, perception, fears, and stereotypes in our subconscious. These hidden thoughts may be about a person's race, national origin, age, or gender. These hidden thoughts often impact how we remember what we see and hear and how we make important decisions. If you are selected as a juror, it will be important that you reach a verdict without discrimination on the basis of race, ethnicity, national origin, sexual preference, or gender. It is important that you not discriminate against Mr. Perez Alarcon and also any witness, attorney, or other participant in the trial on the basis for ethnicity or similar characteristics. Please watch this video created by the federal court in Washington to explain the concept of implicit or unconscious bias: https://www.wawd.uscourts.gov/jury/unconscious-bias

2.    Prior to today, have you heard of the phrase implicit bias?

3.    Do you think that implicit bias can have an effect on decision-making by jurors?

4.    Does any juror have difficulty believing in the concept of unconscious or implicit bias?

5.    Does anyone have feelings or views either for against particular groups that would make it difficult for you to be fair and impartial? I will not ask you to state what those feelings are.

6.    Does anyone belong to a social club or organization that limits its membership based on an individual's race, color, ethnicity, national origin, gender, religion, or sexual orientation?

7.    Is there any reason at all—religious, ethical, personnel—why anyone on the panel believes they should not be a juror for this case?

## VIII.    Defendant's Right Not to Testify

1.    It is not Mr. Perez Alarcon or his attorneys' responsibility to prove Mr. Perez Alarcon innocent. If you were asked to vote right now whether Mr. Perez Alarcon was guilty or not guilty, you would have to find him not guilty as the government has not presented any against him. As he sits before you today, he is innocent. Therefore, Mr. Perez Alarcon need not testify, offer any evidence or witnesses, and may, in fact, stay silent because he is presumed innocent. Will it concern you if Mr. Perez Alarcon does not testify on his own behalf? Does anyone think that if Mr. Perez Alarcon chooses not to testify, such silence would make him more likely to be guilty?

2.    Would you expect to hear from Mr. Perez Alarcon if he were not guilty? Why or why not? Can you think of reasons why someone might not want to testify, even if he were not guilty?

## IX.    Deliberation Process

1.    Will any juror have any hesitation in rendering a verdict of not guilty with respect to Mr. Perez Alarcon if his guilty is not established beyond a reasonable doubt? If, after hearing all the evidence, you had a reasonable doubt

about Mr. Perez Alarcon's guilt, but most other jurors disagreed, could you maintain your position while also listening to your fellow jurors, or do you think you might just go along with the majority even if you still had a reasonable doubt?

### X.    Questions for Individual Jurors

1.    Do you belong to any associations, organizations or clubs? If so, which ones?

2.    What do you enjoy reading or what are your favorite television shows?

3.    How do you get your news? What are your typical sources for news?

### XI.    Conclusion

The parties respectfully request that the Court include the foregoing in its *voir dire* to the jury. In addition, the parties request the opportunity to submit further requests or to amend those submitted as appropriate.

Dated: White Plains, New York

   May 12, 2026


                                        Respectfully Submitted,

                                        /s/_____
                                        Elizabeth K. Quinn
                                        Benjamin Gold
                                        Counsel for Brallan Perez Alarcon
                                        Federal Defenders of New York, Inc.
                                        81 Main Street, Suite 124
                                        White Plains, NY 10601
                                        914-428-7124