UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA            :

     - v. -                                   :            25 Cr. 461 (NSR)

BRALLAN PEREZ ALARCON,               :

          Defendant.               :
------------------------------------------------------------------x


## BRALLAN PEREZ ALARCON'S REQUEST TO CHARGE


Federal Defenders of New York
Attorneys for Defendant
81 Main St. Suite 124
White Plains, New York 10601


Elizabeth K. Quinn, Esq.
Benjamin Gold, Esq.


TO:   Jay Clayton, Esq.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn: Jorja Nicole Knauer, Isabelle Lelogeais
      Assistant United States Attorneys

## Preliminary Statement

Pursuant to Federal Rules of Criminal Procedure 30, the defendant, Brallan Perez, respectfully requests that the Court include the following instructions in its charge to the jury. In addition, the defendant requests leave to offer additional instruction as they become appropriate during the course of the trial.

The submitted requests address the essential elements of the crime charged in the indictment and certain matters of evidence which the defendant believes may require instruction to the jury. The defendant respectfully requests that the jury instructions be provided to the jurors during their deliberations.

## Request One

## General Instructions

The defense respectfully requests that the Court give appropriate instructions with respect to the following matters:

- Functions of Court, the Jury, and Counsel

- Indictment is Not Evidence

- Statements of Court and Counsel Not Evidence

- Witness Credibility

- Credibility of Law Enforcement Witnesses

- Prior Inconsistent Statements

- Bias and Hostility

- Right to See Exhibits and Have Testimony Read During Deliberations

- Stricken Testimony

- Communications With the Court

- Role of the Foreperson

- Requirement of Unanimity of Verdict

- Stipulations

- Government as a Party

- Burden of Proof

- Presumption of Innocence

- Reasonable Doubt

## Request Two

## Elements Generally

In order to prove the defendant guilty of threatening a federal official, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant threatened to assault, kidnap, or murder ICE officers;

Second, that at the time of the alleged threat, ICE officers were a federal official; and

Third, that the defendant acted with the intent to impede, intimidate, or interfere with those officials while they were engaged in the performance of their official duties (or with the intent to retaliate against those officials on account of the performance of his or her official duties).

## Authority

Adapted from 1 *Modern Federal Jury Instructions*-Criminal P 14.02 (2026).

## Request Three

### First Element: Threat to Assault or Murder

The first element the government must prove beyond a reasonable doubt is that the defendant threatened to assault, kidnap, or murder ICE agents.

A threat is a serious statement expressing an intention to inflict bodily injury at once or in the future, as distinguished from idle or careless talk, political hyperbole, vehement or emotional expression of political opinion, exaggeration or something said in a joking manner. For a statement to be a true threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement will be viewed as a threat.

To determine whether or not the defendant threatened ICE officers, you should consider the evidence, or lack of evidence, regarding the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, the reaction of those who heard the statement, and the effect if any on the subject. Among other things, you should consider whether on their face and in the circumstances in which they were made, the defendant's statements were unequivocal, unconditional and

specific expressions of intention immediately to inflict injury, as is required to be a true threat punishable under the law.

It is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out, but you may consider whether the defendant made plans, efforts, or had the means and had the know-how to follow through on the threat in deciding whether the defendant intended to make a true threat.

Finally, if you find that the statement represented a true threat, you must also find that the defendant made the statement intending it to be a true threat or knowing that the statement would be viewed as a true threat.

## Authority

Adapted from 1 *Modern Federal Jury Instructions*-Criminal P 14.02 (2026); *Elonis v. United States*, 575 U.S. 723 (2015); (holding that 18 USC 875(c) required that the government prove "defendant intended to issue threats or knew that communications would be viewed as threats"); *United States v. Doggart*, 906 F.3d 506, 510 (6th Cir. 2018) (noting that "[e]very circuit to weigh in on the matter has" defined threat to require a *serious expression* of an intent to inflict injury); *United States v. Kelner*, 534 F.2d 1020, 1027 (2d Cir. 1976) (requiring that a threat be "so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution"); *People of the State of New York v. Griepp*, No. 18-2454-cv, At *61 (Mar. 10, 2021) (explaining that the true threats inquiry is "informed by whether the threat is, on its face and under the circumstances, so 'unequivocal, unconditional, immediate and specific as to the person threatened as to convey a gravity of purpose and imminent prospect of execution'"); *United States v. Davila*, 461 F.3d 298, 302 (2d Cir. 2006) (applying the

*Kelner* factors to support a conviction for a charged threat that was sufficiently "imminent"); *United States v. Anderson*, 14 F. App'x 33, 35 (2d Cir. 2001) (applying the *Kelner* factors to uphold a conviction for a statement that "unequivocally, unconditionally, and specifically" threatened to steal recipient's car); *New York ex rel. Spitzer v. Operation Rescue Nat'l*, 273 F.3d 184, 196 (2d Cir. 2001) (stating that district courts, in determining whether a statement qualifies as a true threat, must ask whether it meets the *Kelner* factors); *United States v. Francis*, 164 F.3d 120, 123 (2d Cir. 1999) (applying the *Kelner* factors and explaining that they satisfied "First Amendment concerns"); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) (explaining that, "to support a conviction, the government must show" that the threat meets the *Kelner* factors); *United States v. Malik*, 16 F.3d 45, 51 (2d Cir. 1994) (upholding jury instructions that told jurors to "consider whether on their face and in the circumstances in which they were made defendant's statements" met the *Kelner* test); *United States v. Carrier*, 672 F.2d 300, 306 (2d Cir. 1982) (characterizing the *Kelner* factors as factors "a jury must weigh in considering the context in which the words were spoken").

<u>**Request Four**</u>

**Second Element: Victim was a Federal Official**

The second element that the government must prove beyond a reasonable doubt is that at the time of the alleged threat, ICE officers were federal officials.

I instruct you that federal officials include Federal law enforcement officers.

The government does not have to prove that the defendant knew that ICE officers were federal officials. The crime of threatening a federal official is designed to protect federal officials acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the government to prove that the victim was a federal official at the time of the alleged threat. Whether the defendant knew that the victim was a federal official at the time is irrelevant to such a determination, and should not be considered by you.

**Authority**

1 *Modern Federal Jury Instructions*-Criminal P 14.02 (2006).

## Request Five

**Third Element: Specific Intent to Interfere, Impede, or Retaliate**

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with the specific intent to impede, intimidate, or interfere with the officials while they were engaged in the performance of their official duties, or with the intent to retaliate against the officials on account of the performance of their official duties.

The government must prove beyond a reasonable doubt that the defendant acted intentionally to either impede/intimidate/interfere or retaliate against ICE officials when he made the phone calls. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

The word "impede" means to stop the progress, obstruct, or hinder; to "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe; to "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, to intervene. To "retaliate" means to return like for like, to act in reprisal for some past act.

In this regard, if you find that the threat was not communicated to or at least intended by the defendant to be communicated to ICE officers, you should find that

-9-

the defendant did not intend to act with the specific intent to impede, intimidate, or interfere.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required and intent may be proved by circumstantial evidence, such as the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them. It is up to you to consider the evidence, or lack of evidence, of intent in deciding whether the government has proved this element beyond a reasonable doubt.

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*-Criminal, Instruction 14-16 (2016).

Instruction 14-16 notes that courts have raised "the question whether the jury may reasonably conclude that the defendant acted with intent to impede, intimidate, or interfere with the federal official if the threat was not communicated, or at least intended to be communicated, to that official." It goes on to note that, "the court should treat this instruction with some caution in cases when the threat was made to a third party with no expectation that it would be communicated to the target of the threat." This proposed instruction, and argument to the jury, is appropriate in cases where the threat was made to a third party. *See, e.g.*, *United States v. Morales*, 272 F.3d 284, 288 (5th Cir. 2001) (threat to kill students at defendant's high school made to stranger in Internet chat room); *United States v. Crews*, 781

F.2d 826, 829 (10th Cir. 1986) (threat to President made to psychiatric nurse); *United States v. Stewart*, 420 F.3d 1007, 1015-16 (9th Cir. 2005) (threat made to third party solicited to murder federal judge who presided over earlier criminal trial); *United States v. Snelenberqer*, 24 F.3d 799, 803 (6th Cir. 1994) (threat expressed to psychotherapist to retaliate against administrative law judge who denied defendant disability benefits); *United States v. Fenton*, 30 F. Supp. 2d 520, 525–26 (W.D. Pa. 1998) (defendant's remarks to insurance adjuster than he was going to shoot Congressman did not constitute threat within meaning of Section 115 , and (2) defendant lacked requisite intent to threaten Congressman.; *United States v. Bellrichard*, 779 F. Supp. 454 (D. Minn. 1991), aff'd, 994 F.2d 1318 (8th Cir.1993) (where defendant's threatening letters to kill a judge were sent to a third party with no request that they be communicated to the judge, the communication did not constitute a true threat because there was no connection between the recipient and the intended victim); *United States v. Alkhabaz*, 104 F.3d 1492, 1494 (6th Cir.1997), abrogated in part on other grounds by *Elonis v. United States*, 575 U.S. 723 (2015); (defendant's graphic stories of sexual violence toward woman were not sent to the purported victim and were not true threats; "if an otherwise threatening communication is not, from an objective standpoint, transmitted for the purpose of intimidation [of the victim], then it is unlikely that the recipient will be intimidated or that the recipient's peace of mind will be disturbed.").

1 Modern Federal Jury Instructions-Criminal P 3A.01, Instruction 3A-4, Intentionally (2026).

## Request Six

### Voluntary Intoxication

There has been evidence that the defendant may have been intoxicated at the time of the offense with which he is charged.

Intoxication or drunkenness in itself is not a legal defense to a criminal charge. However, intoxication or drunkenness may negate the existence of the defendant's intent to commit the crime that the government must prove in order to convict.

On the evidence before you, if you find that the defendant was intoxicated, you may conclude that the defendant did not have the required intent I described earlier. On the other hand, even if you believe that the defendant was intoxicated to some degree, you still may conclude that he was capable of having the required intent. After considering all of the evidence, if you find that the government has established each of the elements beyond a reasonable doubt, then you may find the defendant guilty. On the other hand, if you find the government has failed to meet this burden beyond a reasonable doubt, you must find the defendant not guilty.

### Authority

1 *Modern Federal Jury Instructions*-Criminal P 8.03 (2026)

## Request Seven

### First Amendment

As this is a prosecution involving speech, I instruct you that there is First Amendment protection for speech, even when that speech is offensive or provocative. Additionally, the First Amendment provides special protection to speech that relates to any matter of political, social or other concern in the community. However, the First Amendment does not protect "true threats," as I have previously defined that term for you.

You must bear in mind, however, that the law cannot criminalize speech that merely advocates for the use of force or a violation of law -- such advocacy can only be a crime if it is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.

### Authority

*Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002); *Bible Believers v. Wayne County, Mich.*, 805 F.3d 228 (2015); *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (cannot "proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action"), *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 928 (1982) ("[T]he mere abstract teaching ... of the moral propriety or even moral necessity for a resort to force and violence, is not the same as preparing a group for violent action and steeling it to such action." (citation omitted)); *Connick v. Myers*, 461 U.S. 138, 145 (1983); *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011) (internal citations and quotations omitted) (opining that matters of public concern are "at the heart of the First Amendment's protections," and reflect "a profound

national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open."

**<u>Request Eight</u>**

**Defendant's election not to testify**

**(if applicable)**

Mr. Perez Alarcon did not testify in this case. Under our constitution, he has no obligation to testify or to present any evidence because it is the government's burden to prove him guilty beyond a reasonable doubt. The right of a defendant not to testify is an important part of our constitution.

As I stated earlier, this burden remains with the government throughout the entire trial and never shifts to Mr. Perez Alarcon. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others . . . [may] confuse and embarrass [a defendant] to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not speculate as to why Mr. Perez Alarcon did not testify. There are many reasons why a defendant may decide not to testify. A defendant may feel because of the strain of being a witness, the tension, that he may not be calm. A defendant may be embarrassed by his inability to speak well in front of a group of people. You are not to speculate as to these things. You may not draw any inference whatsoever from Mr. Perez Alarcon's decision not to take the stand.

-15-

**Authority**

Adapted from charge by Hon. Robert P. Patterson, Jr., in *United States v. Anibal Soto*, 12 Cr. 556 (RPP), and Sand, *Modern Federal Jury Instructions*, 5-21; *see also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).

## Request Nine

## Defendant's election to testify

## (if applicable)

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case, Mr. Perez Alarcon did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges against him beyond a reasonable doubt. Mr. Perez Alarcon did not have to testify and, in fact, did not have to present any evidence whatsoever. You should examine and evaluate his testimony just as you would the testimony of any witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case. I also remind you that Mr. Perez Alarcon's decision to testify does not in any way shift the burden of proof to him.

Do not ask yourself whether his testimony convinces you that he is not guilty. Rather, you must consider all the evidence and the lack of evidence presented and then ask yourselves whether or not the government has proven the charges contained in the information beyond a reasonable doubt.

-17-

**Authority**

Adapted from *Modern Federal Jury Instructions*, Instruction 7-4; *see United States v. Gaines*, 457 F.3d 238, 249 and n.9 (2d Cir. 2006)

### Request Ten

### Unconscious Bias

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and in that process to decide the facts.

We all have or have had feelings, assumptions, perceptions, fears and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases."

Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control or intention that can affect how we evaluate information and make decisions.

You must decide the case solely on the evidence and the law before you and resist jumping to conclusions based in favor of or against any party, witness or the defendant because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

If you suspect that you, or a fellow juror, are about to reach a conclusion about a defendant, witness or party to this case through a stereotypical lens, stop yourself and focus simply on the evidence and the legal instructions I have given you. For guidance, if you find yourself or a fellow juror influenced by a stereotype about an individual, presume the individual does not have said stereotype and then

-19-

again focus solely on the evidence presented and the legal instructions I have given

you.

## Authority

Adapted from Ninth Circuit Pattern Jury Instruction 1.1.; Western District of
Washington, Illinois Pattern Jury Instructions 1.08; California Civil Jury
Instructions 113.

**Request Eleven**

**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

-22-

## Authority

Adapted from Sixth Circuit Pattern Criminal Jury Instructions 8.04.