UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

BRALLAN PEREZ ALARCON,

Defendant.

25 Cr. 461 (NSR)

**THE GOVERNMENT'S PROPOSED VOIR DIRE**

JAY CLAYTON
United States Attorney
Southern District of New York
Attorney for the United States
of America

Jorja N. Knauer
Isabelle Lelogeais
Assistant United States Attorneys
- *Of Counsel* -

The Goverment respectfully requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors. The Government requests also that the Court include its standard questions regarding: (1) physical condition and capacity to sit as a juror; (2) ability to hear, see, and understand English; (3) prior jury service; (4) experience as a witness, defendant, or crime victim; (5) trial administration and scheduling; (6) function of the court and jury; (7) ability to render a fair and impartial verdict; and (8) other biases, generally.

The Government respectfully requests that the Court pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

## I.      The Charges

1.      This is a criminal case. The defendant—Brallan Perez Alarcon—has been charged with committing a federal crime in an Indictment filed by a Grand Jury sitting in this District, the Southern District of New York.

2.      The Indictment is not evidence. It simply contains the charge that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.

3.      Those of you who are selected to sit on this jury will receive a detailed explanation of the charge at the conclusion of the case, but I will briefly summarize the charge in this case now to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

4.      The Indictment consists of one count, or "charge." Count One charges that the defendant threatened to assault and murder a federal law enforcement officer with intent to impede,

intimidate, and interfere with such law enforcement officer while engaged in the performance of official duties, and with intent to retaliate against such law enforcement officer on account of the performance of official duties.

5.  For present purposes, it is sufficient to say that this charge rests on allegations that on or about September 20, 2025, the defendant placed multiple phone calls to local police departments in Rockland County, New York, and said that he will shoot and kill any agents of the United States Department of Homeland Security, Immigration and Customs Enforcement, commonly known as "ICE," who may knock on his door or approach his house.

6.  Do any of you believe you have personal knowledge of the charge in the Indictment as I have described it?

7.  Have any of you heard, read, or seen anything about this case? If so, is there anything that you have heard, read, or seen that for any reason would prevent you from deciding the issues in this case fairly and impartially?

8.  Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be a crime, or that the law governing this offense should not be enforced, or that this crime should not be prosecuted by the United States government?

## II.    Knowledge of the Trial Participants

### A.    The Defendant

9.  The defendant in this case is Brallan Perez Alarcon. Mr. Perez Alarcon, please stand and face the prospective jurors, both in the jury box and in the back of the courtroom. Do you, or does any member of your family or a close friend, know the defendant or anything about the defendant beyond what I have told you today?

10.  Mr. Perez Alarcon is represented today by his attorneys, Elizabeth Quinn and Ben Gold. They will be assisted at various times by [*defense counsel to provide list of names and*

*positions in advance of trial*]. Do any of you know any of these people? Have you or your family members or close friends had any dealings either directly or indirectly with these individuals?

**B.    The Government**

11.    The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The attorneys representing the Government during this trial are Assistant United States Attorneys Jorja Knauer, Isabelle Lelogeais, and Margery Feinzig. They will be assisted by Special Agent Adam Dean of the United States Department of Homeland Security, Homeland Security Investigations, also known as the "HSI," and by Sofia Leo and Shannon Becker, who are paralegals in the United States Attorney's Office. Do any of you know any of these people? Have you, or has any relative or close friend, had any dealings with any of these individuals?

12.    Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office for the Southern District of New York or HSI or ICE?

13.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case:

[*The Government will submit an updated list of names and/or entities prior to trial*]

Do any of you know any of these people or locations? Have you had any dealings either directly or indirectly with any of them? To your knowledge, have your relatives, friends, associates, employers, or employees had any dealings with any them?

**III.    Types of Witnesses, Investigative Techniques, and Evidence**

14.    The witnesses in this case will include law enforcement personnel  from the Town of Ramapo Police Department and the Village of Spring Valley Police Department. Would any of

4

you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

15.     Does anyone have any personal feelings or experiences concerning law enforcement that would in any way affect his or her ability to be fair and impartial in this case?

16.     Some of the evidence in this trial may be presented in the form of recorded phone calls. Any such evidence that will be presented was obtained lawfully. Do you have any strong feelings about the use of such evidence that might make it difficult for you to be a fair and impartial juror in this case?

17.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

18.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

**IV.     Relationship with the Parties**

19.     Are you, or is any relative or close friend, employed by any federal department or agency, any law enforcement agency, or prosecutor's office, whether federal, state, or local?

20.     Have you, or has any relative or close friend, ever been employed or ever applied for a position with any law enforcement agency, including the Town of Ramapo Police Department, the Village of Spring Valley Police Department, HSI, or ICE?

21.     Do any of you have any bias, prejudice, or other feelings for or against the United States Department of Justice, United States Attorney's Office, Town of Ramapo Police Department, Village of Spring Valley Police Department, Department of Homeland Security, HSI, ICE, or any other law enforcement agency?

22.     Have you, or has any relative or close friend, ever been employed by a criminal defense lawyer or private investigator?

23.     Do you have any bias, prejudice, or other feelings for or against criminal defense attorneys?

## V.     Nature of the Charges

24.     During the trial, you will hear evidence concerning statements that include alleged threats of violence against ICE deportation officers. Do any of you feel that you could not decide fairly and impartially a case involving such charges and subject matter? Has any juror formed an opinion that the conduct charged in the Indictment, as I have described it to you, should not be a crime? Conversely, does any juror believe that an individual accused of committing the charges I described should not be entitled to a fair trial by a jury of his or her peers?

25.     Do any of you have any opinion about the enforcement of federal laws concerning immigration that might prevent you from being fair and impartial in this case? Do any of you believe that federal immigration laws should not be enforced?

26.     Do any of you have an opinion about the Department of Homeland Security or ICE that might prevent you from being fair and impartial in this case?

27.     Do any of you have an opinion about the enforcement of federal laws that govern speech? Do any of you believe that making statements that include threats of violence, including violence directed at ICE deportation officers and other law enforcement officers, should not be illegal, or that laws concerning these types of crimes should not be enforced by the federal government?

28.     Do any of you believe that the First Amendment to the United States Constitution protects an individual's right to make statements that include threats of violence to federal law

6

enforcement officers? In other words, do you believe that the freedom of speech enshrined in the Constitution protects threats of violence against federal law enforcement officers?

29.   Have you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to immigration? If so, when did that occur and what did you do?

30.   Has you, or any members of your family, or any close friend had any experiences of any kind, directly or indirectly, with immigration enforcement?

## VI.   Intoxication

31.   During trial, you may hear testimony regarding intoxication, including the consumption of alcohol. Do you feel that the nature of this evidence would affect your ability to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

## VII.   Juror's Background

32.   The Government respectfully requests that the Court ask each juror to state the following information:

> a.   the juror's age;
>
> b.   the area in which the juror resides and any other area the juror has resided during the last ten years;
>
> c.   the number of other individuals residing with the juror, their age, and their relationship to the juror;
>
> d.   where the juror was born;
>
> e.   the juror's educational background, including the highest degree obtained;
>
> f.   whether the juror has served in the military;
>
> g.   the juror's occupation;
>
> h.   the name and location of the juror's employer, and the period of employment with that employer;

i.     the same information concerning other employment within the last five years;

j.     the same information with respect to the juror's spouse and any working children;

k.     whether the juror has been or knows anyone who has been employed by or under the guardianship of any foster care system, including as a foster parent;

l.     what newspapers and magazines the juror reads and how often;

m.     what television programs the juror regularly watches;

n.     whether the juror watches "Law and Order," "CSI," "The Wire," or other police dramas;

o.     social media used by the juror;

p.     the websites the juror frequently visits;

q.     the juror's hobbies, and leisure-time activities and organizations; and

r.     whether the juror owns firearms.

## VIII.  Requested Instruction Following Impaneling of the Jury

33.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. Relatedly, you must not research any aspect of the case. It is important that your consideration of this case be based solely on the evidence admitted at trial and the legal instructions that I give to you.

34.     [Per the suggestion of the court of appeals in *United States v. Ganias*, 755 F.3d 125, 132–33 (2d Cir. 2014)]: "I know that many of you use cell phones, . . . the internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone,

text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, . . . LinkedIn, and YouTube."

35.     If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

36.     If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated:     White Plains, New York
           May 12, 2026

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney

By:     _____
                                        Jorja N. Knauer
                                        Isabelle Lelogeais
                                        Assistant United States Attorneys
                                        (914) 993-1919 / 1962

9